**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 23 2014

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

ROSALIE S. SHAHAN,

*Plaintiff,*

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

*Defendant.*

**CASE No.**

4:14cv621- JLH

**DEMAND FOR JURY TRIAL**

This case assigned to District Judge _____
and to Magistrate Judge _____

## ORIGINAL COMPLAINT

Plaintiff Rosalie S. Shahan by her undersigned counsel brings this action against Defendant Portfolio Recovery Associates, LLC and alleges as follows:

### I.   JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2.       This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

3.      The acts and events alleged in this Complaint occurred within Sherwood, Pulaski County, Arkansas.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## II.  PARTIES

### A.  Plaintiff

5.      The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.      Rosalie S. Shahan ("Shahan") is a natural person who resides in Sherwood, Pulaski County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d.

### B.  Defendant

7.      Portfolio Recovery Associates, LLC ("Portfolio") is a Delaware limited liability company that operates from its home office and principal place of business at 120 Corporate Boulevard, Norfolk, Virginia.  It is a debt buyer and actively attempts to collect debts.

8.      At the time of the incident described further herein, Portfolio was a limited liability company duly authorized to conduct business in the State of Arkansas as a "debt collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

9.      Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR  72201

## III.  FACTUAL BACKGROUND

10.      The averments set forth in paragraphs 1-9 are adopted herein and incorporated as if set forth word for word.

11.     Portfolio filed a lawsuit against Shahan in the District Court of Pulaski County, July 30, 2014 alleging a consumer debt.

12.     The lawsuit and attached affidavit alleges Shahan defaulted on a credit card account obligation with the original creditor, Citibank, N.A.  A copy of the lawsuit and affidavit is attached as **Exhibit "1"** and incorporated herein as if set forth word for word.

13.     Portfolio asserted it purchased and was assigned the account.

14.     The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $1,279.09.

15.     The last account statement provided to Shahan from the original creditor reflects a balance due of $1,159.11.  A copy of the last account statement is attached as **Exhibit "2"** and incorporated herein as if set forth word for word.

16.     Upon information and belief, the amount claimed contains interest and late charges accrued after it was charged off by the original creditor.

17.     The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

18.     TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed.  15 U.S.C. §1637(b).

19.     That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges.  15 U.S.C. §1637(b).

20.     Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the

end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* At 12 C.F.R. §226.5(b)(2)(i).

21.     However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

22.     One of those exceptions is if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account.  12 C.F.R. §226.5(b)(2)(i).

23.     Therefore, under applicable regulations, the original creditor Citibank was required to send periodic statements to Shahan until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account."  12 C.F.R. §226.5(b)(2)(i).

24.     Previous to the alleged purchase of the account by Portfolio from Citibank, Citibank charged off the account alleged to have been incurred by Shahan.

25.     Because Citibank had charged off the account, it was not required to send periodic statements to Shahan as would otherwise be required by law.

26.     Therefore, after charging off the account, Citibank did not send any billing statements regarding the account to Shahan.

27.     Citibank took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

28.     The legal trade-off for entitling Citibank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

29.     Therefore, after the account was written off, Citibank was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

30.     Portfolio professes to be in the same shoes as Citibank due to its purchase and assignment of the account.

31.     Portfolio would not acquire any greater rights than Citibank had at the time of the alleged purchase.

32.     By assessing interest and other charges for which there was no legal basis, Portfolio is in violation of 15 U.S.C §1692f(1) which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33.     By assessing charges not authorized by the agreement or law, Portfolio is in violation of 15 U.S.C. §1692e(5) by taking action that cannot legally be taken.

34.     The Complaint further requests costs and for all other proper relief.

35.     Because "costs and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of 15 U.S.C. §1692f(1).

36.     By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

37.     By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of 15

U.S.C. §1692f.

38.   Portfolio has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of 15 U.S.C. §1692e(5).

39.   Portfolio is in violation of 15 U.S.C. §1692e(10) by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Shahan and any creditor.

40.   At the time it commenced the action against Shahan, Portfolio possessed insufficient evidence and intended not to further investigate in violation of 15 U.S.C. §1692(e)(5).

41.   Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

42.   Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## IV.   **DAMAGES**

43.   The averments set forth in paragraphs 1-42 are adopted herein and incorporated as if set forth word for word.

44.   As a direct and proximate result of the acts and events made the basis of this lawsuit, Shahan is entitled to the following damages:

      (a.)    actual damages

      (b.)    statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

      (c.)    costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3).

## V.    DEMAND FOR JURY TRIAL

45.    The averments set forth in paragraphs 1-44 are adopted herein and incorporated as if set forth word for word.

46.    Shahan demands trial by jury on all claims so triable.

## VI.    PRAYER

WHEREFORE, Shahan prays that:

1.  She be granted actual damages pursuant to 15 U.S.C. §1692k(a)(1);

2.  She be granted statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

3.  She be granted costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

Dated: October 22, 2014

Respectfully submitted,

By: _____
Todd Wooten, Esq. ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

and

J.R. Andrews, Esq. ABN92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS

FILED
14 JUL 30 AM 10: 22
PULASKI DISTRICT COURT
COUNTY ARKANSAS

PORTFOLIO RECOVERY ASSOCIATES, LLC                                    PLAINTIFF

V.                                   CASE NO. _PCCV-14-2287_

ROSALIE S SHAHAN                                                       DEFENDANT

<u>COMPLAINT</u>

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Pulaski County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her Citibank, N.A. account.   This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal amount, $1,279.09,  as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 1,279.09,  for all costs herein paid and expended, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Lori Withrow (98069)

**EXHIBIT**
**1**

# AFFIDAVIT

State of Virginia
City of Norfolk ss.

I, the undersigned, _____Michael La Douceur_____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1.      I am competent to testify to the matters contained herein.

2.      I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **CITIBANK, N.A./SEARS** and those records transferred to Account Assignee from **CITIBANK, N.A.** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3.      According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **6/27/2013**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4.      According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **ROSALIE S SHAHAN** ("Debtor and Co-Debtor") to the Account Seller the sum of **$1,279.09** with the respect to account number **ending in**       as of the date of **4/28/2013** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5.      According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$1,279.09** as due and owing as of the date of this affidavit.

6.      Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____Michael La Douceur_____, Custodian of Records

APR 11 2014

Subscribed and sworn to before me on _____

Notary Public



SANDRA A. WHITE
NOTARY PUBLIC
REGISTRATION # 7242619
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
SEPTEMBER 30, 2017



13-10698-0

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

# Account Statement

Send Notice of Billing Errors and Customer Service Inquiries to:
SEARS CREDIT CARDS
PO Box 6282, Sioux Falls, SD 57117-6282

**sears**  Sears MasterCard®

**Customer Service:**
searscard.com
**Account Inquiries:**
1-800-669-8488

**Account Number:** ▉▉▉▉▉5386

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $1,102.52 |
| Payments | -$0.00 |
| Other Credits | -$0.00 |
| Purchases | +$0.00 |
| Cash Advances | +$0.00 |
| Fees Charged | +$35.00 |
| Interest Charged | +$21.59 |
| New Balance | $1,159.11 |
| Past Due Amount | $242.92 |

| | |
|---|---|
| Credit Limit | $0.00 |
| Available Credit | $0.00 |
| Cash Advance Limit | $0.00 |
| Available Cash Limit | $0.00 |
| Amount Over Credit Limit | $0.00 |
| Statement Closing Date | 02/25/2013 |
| Next Statement Closing Date | 03/28/2013 |
| Days in Billing Cycle | 28 |

## Payment Information

| | |
|---|---|
| New Balance | $1,159.11 |
| Minimum Payment Due | $311.51 |
| Payment Due Date | March 24, 2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 5 years | $1,849 |
| $46 | 3 years | $1,664 (Savings=$185) |

If you would like information about credit counseling services, call 1-877-337-8188.

Your account is seriously past due. Amount past due is shown above. Arrangements for future payments should be made immediately.

Please see the enclosed privacy notice for important information.

## TRANSACTIONS

| Trans Date | Description | Amount |
|---|---|---|
| **FEES** | | |
| 02/24 | LATE FEE  | $  35.00 |
| | TOTAL FEES FOR THIS PERIOD | $  35.00 |

## Your tax refund can help bring your account up to date.

Many customers have resolved overdue amounts by using their tax refund money. It's simple and convenient. If you're not expecting a refund, we may have payment options available.

» Call 1-866-518-9052 today. For our TDD line call 1-800-926-5818.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION          Page 1 of 6                This Account is issued by Citibank, N.A.

⬆ Please detach this portion and return with your payment to insure proper credit. Retain upper portion for your records. ⬆

**Sears MasterCard®**

†Past Due Amount is included in the Minimum Payment Due.

| Your Account Number | Payment Due Date | New Balance | Past Due Amount† | Minimum Payment Due | Amount Enclosed |
|---|---|---|---|---|---|
| 5121 0720 3686 5386 | MARCH 24, 2013 | $1,159.11 | $242.92 | $311.51 | $ |

 **SAVE STAMPS, TIME... AND TREES!** Visit Account Online and register now for Online Bill Pay, Paperless Statements and More.

021 ▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ 181 000 6

**EXHIBIT**
**2**

00100680  E 1OZ 058 KSTRUKME AM1 8  KBAVME1

ROSALIE S SHAHAN

Make Checks Payable to:
SEARS CREDIT CARDS
PO BOX 183082
COLUMBUS, OH 43218-3082

Print address changes above in blue or black ink.